STATE OF LOUISIANA *v.* THE JUDGE OF THE SIXTH DISTRICT COURT OF NEW ORLEANS.

When a party has an adequate remedy by appeal, an application for a writ of mandamus will be refused.

The refusal of the District Judge to allow the attorney in fact of the relator to represent him upon the trial, is a matter which could be presented to this court for revision by a bill of exceptions.

APPLICATION for a writ of *mandamus* to the Judge of the Sixth District Court of New Orleans. *T. W. Collens* and *G. & C. E. Schmidt*, for the relator.

LEA, J.   The relator prays for a rule upon the Judge of the Sixth District Court to show cause why a writ of *mandamus* should not issue, requiring him to allow the attorney in fact of the defendant to appear and defend his interests in a suit pending in said court, in which said relator is the defendant.

He alleges that a vessel belonging to him having been sequestered, he employed the services of *Emile Houillion* to represent and defend his rights in said suit; that said *Houillion* took a rule upon the plaintiff to show cause why the writ should not be set aside; that on the trial of said rule, the court refused 'to allow the said *Houillion* to introduce evidence in support of the rule, or to argue the same, on the ground that said *Houillion* had not received a written authority to act for the relator at the time the rule was taken upon the plaintiff, and that the court persisted in such refusal, although the petitioner declared in open court that he had authorized the said *Houillion* to take the rule and to act as his attorney in fact throughout the case, and that notwithstanding the offer of the petitioner to execute a written power of attorney to said *Houillion*, the court refused to allow him to appear on his behalf, dismissed the rule taken by him, and maintained the sequestration.

Assuming this statement of the case to be correct, it appears to us that if there be any error in the action of the District Judge the relator has a full and adequate remedy by appeal.   The refusal of the District Judge to allow the attorney in fact of the relator to represent him on the trial of the rule is a matter which could be presented to this court for revision by a bill of exceptions, in the same manner as could the refusal of the Judge to receive testimony when offered.

We can see no reason for granting a writ of *mandamus* in this case which might not be extended to every supposed error in the ruling of a District Judge on the trial of a cause.   Such a precedent would lead to embarrassment and delay in the administration of justice.

The application is refused.